**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF SOUTH CAROLINA**

| | |
|---|---|
| DONNIE LEE HARKINS, #270959, | ) ) ) CIVIL ACTION NO. 9:09-2764-HFF-BM |
| Petitioner, | ) ) |
| v. | ) **REPORT AND RECOMMENDATION** ) |
| WARDEN M. MCCALL, | ) ) |
| Respondent. | ) ) |

Petitioner, an inmate with the South Carolina Department of Corrections, seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The petition was filed pro se on October 13, 2009.[1]

The Respondent filed a return and motion for summary judgment on March 8, 2010. As the Petitioner is proceeding pro se, a Roseboro order was filed on March 9, 2010, advising the Petitioner that he had thirty-four (34) days to file any material in opposition to the motion for summary judgment. Petitioner was specifically advised that if he failed to respond adequately, the motion for summary judgment may be granted, thereby ending his case. Petitioner thereafter filed a response in opposition on April 5, 2010.

This matter is now before the Court for disposition.[2]

---

[1]Filing date per Houston v. Lack, 487 U.S. 266, 270-276 (1988).

[2]This case was automatically referred to the undersigned United States Magistrate Judge for all pretrial proceedings pursuant to the provisions of 28 U.S.C. § 636(b)(1)(A) and (B) and Local Rule
(continued...)



1

# Procedural History

Petitioner was indicted in January and March 2000 in Newberry County as follows: **January 2000** - for conspiracy, burglary in the first degree, grand larceny, and possession of a firearm or knife during the commission of a violent crime [Indictment No. 00-GS-36-56] (R.pp. 145-147); conspiracy, two counts of burglary in the first degree, grand larceny and possession of a firearm or knife during the commission of a violent crime [Indictment No. 00-GS-36-57](R.pp. 148-150); conspiracy, one count of burglary in the first degree, one count of burglary in the second degree and larceny [Indictment No. 00-GS-36-58](R.pp. 151-153); burglary in the second degree and grand larceny [Indictment No. 00-GS-36-69](R.pp. 154-155); conspiracy, burglary in the second degree and grand larceny [Indictment No. 00-GS-36-70](R.pp. 156-157]; and conspiracy and two counts of grand larceny [Indictment No. 00-GS-36-71](R.pp. 158-159); and **March 2000** - for burglary in the second degree and larceny [Indictment No. 00-GS-36-124](R.pp. 160-161).

Petitioner was represented by Raymond K. Wicker, Esquire, and on November 16, 2000, pled guilty to burglary in the first degree, grand larceny, and possession of a firearm or knife during the commission of a violent crime [Indictment No. 00-GS-35-56]; one count of burglary in the first degree, one count of burglary in the second degree, and possession of a firearm or knife during the commission of a violent crime [Indictment No. 00-GS-36-57]; one count of burglary in the first degree and one count of burglary in the second degree [Indictment No. 00-GS-36-58]; one count of burglary in the second degree [Indictment No. 00-GS-36-69]; one count of burglary in the second degree and grand larceny [Indictment No. 00-GS-36-70]; two counts of grand larceny

---

(...continued)
73.02(B)(2)(c) and (e), D.S.C. The Respondent has filed a motion for summary judgment. As this is a dispositive motion, this Report and Recommendation is entered for review by the Court.



[Indictment No. 00-GS-36-71]; and for burglary in the second degree [Indictment No. 00-GS-36-124]. (R.pp. 1-30). The judge sentenced Petitioner to a total of twenty-five (25) years imprisonment. (R.pp. 30-37, 162-181). Petitioner did not appeal his sentence or conviction.

On February 13, 2001, Petitioner filed an application for post-conviction relief ("APCR") in state circuit court. Harkins v. State of South Carolina, No. 2001-CP-36-0060. Petitioner raised the following issues in his APCR:

1. Double Jeopardy.

2. Ineffective assistance of counsel:

> 1. Ineffective assistance of counsel; 2. My guilty plea was given involuntarily because I was not adequately advised of the sentencing consequences of my plea; 3. Counsel was ineffective when he failed to investigate defendant's case in order to formulate a defense; 4. Defense counsel violated applicant's rights when he failed to file a direct appeal notice; 5. Counsel forfeited applicant's rights of appeal and did not act in the best interest of his client. A belated appeal is proper in such circumstances, petitioner did not knowingly and intelligently waive his right to a direct appeal; 6. Applicant did not receive effective assistance of counsel on appeal of rights; 7. Applicant was forced to plead guilty by use of duress, misunderstanding, and misrepresentation by the court, defense counsel, and the solicitor's office; 8. Counsel only spoke to applicant less than 2 hours prior to court; 9. Counsel was out of his office because he had open heart surgery, and other illnesses for about 8 months. Applicant only spoke to Counsel for about 30 minutes before court; and 10. Counsel talked applicant into taking the plea bargain. It was in both their best interests if applicant pled guilty;

3. Involuntary guilty plea because I was not adequately advised of the sentencing consequences of my plea; and

4. Lack of subject matter jurisdiction.



3

(R.pp. 39-46, 126, 131-133).[3]

Petitioner was represented in his APCR by Charles Verner, Esquire, and an evidentiary hearing was held on Petitioner's application on April 16, 2003. (R.pp. 52-136). On May 13, 2003, the PCR judge filed an order denying the petition in its entirety. (R.pp. 138-144).

Petitioner filed a timely appeal in which he was represented by Aileen P. Clare, Assistant Appellate Defender with the South Carolina Office of Appellate Defense, who raised the following issue:

> Was trial counsel ineffective for advising petitioner to plead guilty to charges that violate the double jeopardy clause?

See Petition, p. 2 (Court Docket No. 18-5).

On January 10, 2005, the South Carolina Supreme Court filed a memorandum Opinion reversing the PCR court, in part. See Donnie Harkins v. State, Memorandum Opinion No. 05-MO-001 (S.C.Sup.Ct. Jan. 10, 2005)(Court Docket No. 18-7). The state Supreme Court found that Petitioner's convictions for both burglary in the first degree and burglary in the second degree on indictment 00-GS-36-58 violated the Double Jeopardy Clause of the United States Constitution because both charges arose from the same date, place, and dwelling. The Court, therefore, vacated the conviction for burglary in the second degree on that indictment, and that part of the PCR judge's order was reversed. Id. The remittitur was issued on January 27, 2005. See Court Docket No. 18-8.

Petitioner then filed a second APCR (Harkins v. State, No. 2005-CP-36-291) on August 4, 2005, raising the following claims:

1. Double jeopardy;

---

[3]Issues three (3) and (4) were added at the hearing.


<s>egment
4</s>
</s>

      2. Ineffective assistance of counsel;

      3. Ineffective assistance of appellate counsel.

See Petition, p. 2 (Court Docket No. 18-9).

The State moved to dismiss the application as successive and untimely, as well as that ineffective assistance of PCR counsel was not a proper ground for a second PCR action. See Court Docket No. 18-10.

      The Petitioner was represented by Gwendlyne Y. Smalls, Esquire, and a hearing was held on May 20, 2007. See Court Docket No. 18-11, p. 2.[4] Ms. Clare submitted an affidavit in support of Petitioner's allegation in which she attested that she had intended to allege the same double jeopardy violation with regard to indictment 2000-GS-36-57 upon which she succeeded with regard to indictment 2000-GS-36-58. See Court Docket No. 18-9. She further attested that she had rendered ineffective assistance of counsel by not presenting the double jeopardy issue as to both indictments before the appellate court. Id. In an order dated June 17, 2007, the PCR court granted Petitioner relief, in part, finding that the burglary second-degree sentence stemming from indictment 2000-GS-36-57, should be vacated. The remainder of Petitioner's convictions remained in full force and effect.[5] See Court Docket No. 18-11.

      Petitioner apparently served and filed a notice of appeal pro se, resulting in Daniel Shearouse, Clerk of Court for the Supreme Court of South Carolina, writing to Attorney Smalls on

---

[4] Although a copy of the transcript from the second PCR hearing is not part of the record, the PCR court references the date of the hearing in its order, and the parties have not disputed that a hearing was held on Petitioner's second APCR.

[5] The PCR judge's order sets forth that the only claim pursued by the Petitioner was his double jeopardy claim based on ineffective assistance of counsel, and that any other claims were specifically waived. See Court Docket No. 18-11.



5

July 23, 2007. See Court Docket No. 18-12. Since Petitioner had obtained relief on the only claim raised in his second PCR, Shearouse directed counsel to "please explain how your client is aggrieved by this order within ten (10) days of the date of this letter. The failure to do so may result in the dismissal of this matter." See Court Docket No. 18-12. Although Smalls apparently responded[6], Shearouse sent a second letter to her on August 1, 2007, explaining that Smalls' letter did not fully address the question he had asked her in his earlier letter. See Court Docket No. 18-13. Shearouse, again, reminded Smalls that Petitioner could "only appeal if he is aggrieved by the order. Since relief was granted on the only issue that was apparently raised in the application, it is not clear how your client is aggrieved by this order . . . I ask that you please explain how your client is aggrieved by this order within ten (10) days of the date of this letter." Id.

On August 16, 2007, the South Carolina Supreme Court filed an order dismissing Petitioner's appeal "[d]ue to the failure of petitioner to establish that he is aggrieved by the order on appeal." See Court Docket No. 18-14. The remittitur was sent down on September 5, 2007. See Court Docket No. 18-15.

Petitioner then filed a document on September 19, 2007, captioned "Petition for Writ of Habeas Corpus" in the Newberry County Court of Common Pleas. Harkins v. State of South Carolina, 2007-CP-36-367. Petitioner alleged in this Petition that he was entitled to relief on the following grounds:

  1. Did the court lack subject matter jurisdiction when the indictments lacked all the elements of first-degree burglary?

  2. Was trial counsel ineffective for advising Petitioner to plead guilty to charges that

---

[6]There is not a copy of Small's letter in the record, but it is referenced in Shearouse's second letter to her.



> violate the double jeopardy clause?
>
> 3. Did the court lack subject matter jurisdiction when Petitioner was placed in [double] jeopardy?

See Court Docket No. 18-16, p. 4.

The State filed a return and motion to dismiss, arguing that Petitioner could not make out a prima facie case showing that he was entitled to relief because his allegations could have been raised in his APCR. See Court Docket No. 18-17. The state court judge granted the State's motion in an order filed February 1, 2008. See Court Docket No. 18-18. Petitioner did not appeal from the judgment entered on the same date as this Order.

Petitioner then filed a third APCR on December 23, 2008 [<u>Harkins v. State of South Carolina</u>, 2008-CP-36-597], raising the following issues:

1. Ineffective assistance of counsel.

2. Double jeopardy.

3. Lack subject matter jurisdiction.

See Court Docket No. 18-19.

The State moved to dismiss the application as successive and untimely, and because it was barred by the doctrine of <u>res judicata</u>. See Court Docket No. 18-20. As to Petitioner's claim that the trial court lacked subject matter jurisdiction because of defects in his indictment, the State argued that defects in the indictment do not affect subject matter jurisdiction. <u>Id</u>.

The state court judge filed a Conditional Order of Dismissal on September 8, 2009, in which the court conditionally granted the State's motion, but gave the Petitioner twenty (20) days within which to show cause why a final Order should not be entered. See Court Docket No. 18-21.



On August 27, 2010[7], the state court judge issued a Final Order of Dismissal. See Court Docket No. 26-1.

In his Petition for writ of habeas corpus filed in United States District Court, Petitioner raises the following grounds:

**Ground One:** Double Jeopardy.

> **Supporting facts**: 00-GS-36-57 sentenced for first & second degree burglary for same offense, 00-GS-36-58 sentenced for first & second degree burglary, 00-GS-36-124 is a re-indictment of 00-GS-36-69 and was sentenced for both for the same offense. 00-GS-36-70 sentenced for two grand larcen[ies] for same offense. 00-GS-36-56 first degree burglary was second degree burglary enhanced.

**Ground Two:** Ineffective assistance of counsel.

> **Supporting facts:** Was trial counsel ineffective for advising Petitioner to plead guilty to charges that violate the double jeopardy clause?

See Petition, pp. 6-7.

## Discussion

Respondent has moved for summary judgment pursuant to Rule 12 (b) and Rule 56 (b), Fed.R.Civ.P., submitting that the entire petition is without merit. Summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Rule 56(c), Fed.R.Civ.P; see Habeas Corpus Rules 5-7, 11. Further, while the Federal Court is charged with liberally construing pleadings filed by a pro se litigant to allow the development of a potentially meritorious case, see

---

[7]This order was filed after this current federal petition was filed in federal court.



8

Cruz v. Beto, 405 U.S. 319 (1972); Haines v. Kerner, 404 U.S. 519 (1972), the requirement of liberal construction does not mean that the Court can ignore a clear failure in the pleadings to allege facts which set forth a Federal claim, nor can the Court assume the existence of a genuine issue of material fact where none exists. Weller v. Dep't of Social Services, 901 F.2d 387 (4th Cir. 1990).

**I.**

Respondent contends in his motion, inter alia, that the entire Petition is subject to dismissal because Petitioner failed to file his application for a writ of habeas corpus in federal court within one (1) year following the exhaustion of his state court remedies. This limitations period is part of the AEDPA,[8] and runs from the latest of -

>   (A)  the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
>   (B)  the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
>   (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
>   (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d)(1) and (2).

This Petition falls under § 2244(d)(1)(A).

Since Petitioner did not appeal his conviction or sentence, his state court convictions

---

[8] Antiterrorism and Effective Death Penalty Act of 1996.

9



became final on November 27, 2000, ten (10) days after his plea on November 16, 2000.[9] See SCAP, Rule 203(b)(2); see also Crawley v. Catoe, 257 F.3d 395 (4th Cir. 2001). Petitioner therefore had one year from November 27, 2000 to file a federal habeas petition. While the filing of an APCR will normally toll the running of the statute, by the time Petitioner filed his first APCR on February 13, 2001, over seventy-seven (77) days of non-tolled time had already passed. The period of limitations was thereafter tolled during the pendency of Petitioner's APCR, until January 27, 2005, when the Remittitur was sent after the South Carolina Supreme Court denied certiorari. See eg Ott v. Johnson, 192 F.3d 510 (5th Cir. 1999)[tolling does not include 90 days for United States Supreme Court certiorari petition from final denial by state's highest court of collateral action], cert. denied, 529 U.S. 1099 (2000); Harris v. Hutchinson, 209 F.3d 325 (4th Cir. 2000)[running clock from when state appellate court denied leave to appeal denial of state post-conviction petition]; Mays v. Hickman, No. 98-56769, 2000 WL 538131 (9th Cir. May 3, 2000).

By the time Petitioner filed his second APCR on August 4, 2005, an additional one hundred and eighty-eight (188) non-tolled days had passed since the dismissal of his first APCR on January 27, 2005, for a total of two hundred and sixty-five (265) non-tolled days. The period of limitations was thereafter tolled[10] during the pendency of Petitioner's second APCR, until September 5, 2007, when the Remittitur was sent after the South Carolina Supreme Court denied certiorari. See

---

[9]Since the tenth day after his plea was November 26, 2000, which fell on a Sunday, Petitioner had until the following day to serve notice of an appeal. See Rule 234(a), SCACR.

[10]The Respondent does not contest that Petitioner's second APCR was properly filed for purposes of tolling the limitations period. See Memorandum in Support of Summary Judgment, p. 13; see also McMillian v. Carochi, 198 Fed.Appx. 766, 767-768 (10th Cir. 2006)["Successive state motions for postconviction relief toll 28 U.S.C. 2244(d)(2)'s one-year limitation period as long as they were otherwise 'properly filed.'"].



eg Ott v. Johnson, supra; Harris v. Hutchinson, supra; Mays v. Hickman, supra.

Petitioner's 2008 Third APCR filing was not properly filed and, therefore, did not toll the statute of limitations. Specifically, Petitioner's 2008 Third APCR was dismissed on the ground that it was both successive and untimely. Because it was found to be untimely, it did not toll the running of the limitations period because it is not deemed to have been a "properly filed" petition. Allen v. Siebert, 552 U.S. 3, at * 4 (2007)["We therefore reiterate now what we held in Pace: When a postconviction petition is untimely under state law, that [is] the end of the matter for purposes of §2244(d)(2)."](quoting Pace v. DiGuglielmo, 544 U.S. 408, 413-416 (2005))[A state postconviction petition rejected by the state court as untimely is not "properly filed" within the meaning of § 2244(d)(2)]]. As for Petitioner's 2007 state habeas filing, although it is arguable that the Petitioner's state habeas also did not toll the statute of limitations, it is not necessary to even reach that issue in this case. Since Petitioner's second APCR became final on September 5, 2007, and Petitioner filed his state habeas petition thirteen (13) days later on September 19, 2007, a total of two hundred and seventy-eight (278)(265 + 13) non-tolled days had expired when Petitioner filed his state habeas petition. Then, after the dismissal of the state habeas petition on February 1, 2008, an additional three hundred and twenty-four (324) non-tolled days expired prior to Petitioner filing his third APCR. As previously discussed, the filing of Petitioner's third PCR did not further toll the statute, which in any event was already well beyond the one year time period in which Petitioner could file his federal habeas petition.

In his response, Petitioner contends that each of his filings were within one (1) year of the dismissal of a prior filing. However, the filing of a state court case does not restart the one year time period. Artuz v. Bennett, 531 U.S. 4 (2000) [while state collateral review tolls the one-year



statute of limitations under § 2244(d)(A), it does not establish a right to file within one year after completion of collateral review]. Accordingly, Petitioner filed his federal habeas petition well after the expiration of the limitations period, and it is therefore time barred under § 2244(d)(1)(A).

## **Conclusion**

Based on the foregoing, it is recommended that the Respondent's motion for summary judgment be **granted**, and that the Petition be **dismissed**, with prejudice.

The parties are referred to the Notice Page attached hereto.

_____
Bristow Marchant
United States Magistrate Judge

October 26, 2010

Charleston, South Carolina



12

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> Post Office Box 835
> Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).

